CLD-296                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1992
_____

ANTONIO MELQUEZIDETH CASTRO,
Appellant

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A203-048-602)
Immigration Judge:  Honorable Leo A. Finston
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6

Before:  JORDAN, KRAUSE and MATEY, Circuit Judges

(Opinion filed: September 14, 2020)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Petitioner Antonio Melquezideth Castro seeks review of a final order of removal issued by the Board of Immigration Appeals (BIA) denying his motion to reopen removal proceedings. The Government has moved to summarily deny in part and dismiss in part the petition for review. We will grant the Government's motion. See Third Circuit LAR 27.4 and I.O.P. 10.6.

Castro is a citizen of Belize who entered the United States as a nonimmigrant visitor in November 2000. In 2002, he pleaded guilty in New Jersey state court to endangering the welfare of a child. See N.J. Stat. Ann. § 2C:24-4A. Many years in later, in September 2017, the Government issued a notice to appear, charging Castro with removability as an alien convicted of a crime involving moral turpitude, 8 U.S.C. § 1227(a)(2)(A)(i), and a crime of child abuse, 8 U.S.C. § 1227(a)(2)(E)(i). Castro filed an application for asylum, withholding of removal, and protection under the United Nations Convention Against Torture. In July 2018, an Immigration Judge denied all relief. The Board of Immigration Appeals dismissed Castro's appeal on December 13, 2018. Castro filed a petition for review. Meanwhile, in March 2019, Castro filed with the Board a motion to reopen and to terminate the removal proceedings, arguing that he had a pending post-conviction petition in state court that could potentially vacate this child endangerment conviction. The Board denied the motion to reopen and Castro filed another petition for review. We denied the consolidated petitions for review. Castro v. Att'y Gen., 794 F. App'x 147 (3d Cir. Dec. 13, 2019) (not precedential).

On December 20, 2019, Castro filed another motion to reopen with the Board.

The BIA denied the motion, holding that it was untimely and number-barred. 8 U.S.C. § 1229a(c)(7)(A), (C)(i). The Board also rejected Castro's argument that he qualified for an exception to those limitations based on his recognition, in May 2019, that he "gender identif[ies] as Queer" and would be "hated and persecuted [like the] LBGTQ community" in Belize. The BIA also denied Castro's request for sua sponte reopening.

Castro filed a timely petition for review.[1] We have jurisdiction under 8 U.S.C. § 1252(a) to review the Board's denial of a motion to reopen, see Cruz v. Att'y Gen., 452 F.3d 240, 246 (3d Cir. 2006), and we review such a denial for abuse of discretion, see Zhu v. Att'y Gen., 744 F.3d 268, 271 (3d Cir. 2014). Summary action is appropriate if there is no substantial question presented in the petition for review. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

An alien generally may file only one motion to reopen and must file the motion "within 90 days of the date of entry of a final administrative order of removal." 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). Here, the final administrative order of removal was entered in December 2018. Therefore, Castro's second motion to reopen, which was filed on December 20, 2019, was clearly time- and number-barred. The time limitation does not apply to motions to reopen that rely on evidence of "changed country conditions arising in the country of nationality … if such evidence is material and was not available and would not have been discovered or presented at the previous hearing."

---

[1] Castro also filed a motion to stay his removal and for appointment of counsel. The Government opposes a stay.

3

8 C.F.R. § 1003.2(c)(3)(ii); see also 8 U.S.C. §1229a(c)(7)(C)(ii). The term "previous hearing" refers to the proceedings before the IJ. Filja v. Gonzales, 447 F.3d 241, 252 (3d Cir. 2006). A renewed asylum application based on changes in personal circumstances filed outside of the 90-day window must be accompanied by a motion to reopen that successfully shows changed country conditions. Liu v. Att'y Gen., 555 F.3d 145, 150 (3d Cir. 2009). The movant must also establish a prima facie case for the relief sought. Huang v. Att'y Gen., 620 F.3d 372, 389 (3d Cir. 2010).

The Board held that Castro's evidence "does not speak to or establish changed country conditions [in Belize] that materially affect his eligibility." That evidence included statements from Castro. In those statements, Castro explained that, in May 2019, he "came to realize and live [his] true gender identity," which he stated is "queer or gender non-conformist." Although Castro alleged that he was persecuted in Belize more than 20 years ago because of his sexual orientation, he did not explain how conditions in Belize have changed for the LGBTQ community since his last IJ hearing.

Castro's motion to reopen also included affidavits and letters, country reports, and news articles, which the Board described as containing "reports of discrimination and harassment against LGBTQ individuals in Belize." But the Board held that the evidence "does not speak to or establish changed country conditions that materially affect his eligibility" and "does not support a finding that LGBTQ individuals suffer a significant form of mistreatment as compared to when [Castro's] removal hearing was conducted." We conclude that the Board's assessment of the evidence is accurate. For example,

although Castro submitted affidavits and letters that generally spoke to his good character, they did not address a change in conditions in Belize for members of the LGBTQ community. The news articles described the police's mistreatment of Castro in 1999, after he was accused of improperly obtaining Mayan artifacts. But the articles do not demonstrate a relevant change in country conditions. Furthermore, the 2018 State Department Human Rights Reports for Belize, which Castro included with his motion to reopen, does not differ significantly from the 2017 Report in its description of violence and discrimination against people based on their sexual orientation or gender identity.[2] In both of those Reports, the State Department stated that the "extent of discrimination based on sexual orientation or gender identity was difficult to ascertain due to a lack of official reporting." Both Reports, as well as a March 2019 State Department travel advisory, described individual acts of discrimination and hostility toward the LGBTQ community. But those accounts did not suggest that conditions in Belize for LGBTQ individuals have worsened or would support the grant of asylum.[3] In sum, the record did not support Castro's claim that there has been a change in country conditions sufficient to warrant reopening.

---

[2] The 2017 Report was available at the time of the IJ proceedings. See Filja, 447 F.3d at 252.

[3] In his stay motion, Castro argues that he qualifies for reopening based "the COVID-19 Belize is struggling to contain." The Government properly contends, however, that that claim is not properly before us because it was not raised before the BIA. See 8 U.S.C. § 1252(d)(1); Castro v. Att'y Gen., 671 F.3d 356, 365 (3d Cir. 2012) ("A petitioner's

The Board also concluded that Castro failed to establish grounds for sua sponte reopening. As the Government correctly notes, we generally lack jurisdiction to review the BIA's discretionary denial of a motion for sua sponte reopening. See Park v. Att'y Gen., 846 F.3d 645, 647-48, 650-51 (3d Cir. 2017); see also 8 C.F.R. § 1003.2(a) There are limited exceptions to his rule, including where the agency has relied on an incorrect legal premise in reaching its decision, see Park, 846 F.3d at 651; Pllumi v. Att'y Gen., 642 F.3d 155, 160 (3d Cir. 2011) (permitting review where the BIA "misperceived the relevant law"), or where the BIA has meaningfully "limited its discretion via a policy, rule, settled course of adjudication, or by some other method," see Park, 846 F.3d at 653. Castro has not invoked either of those exceptions and, in any event, those exceptions do not apply here. Therefore, we lack jurisdiction to review the Board's decision not to reopen sua sponte.

Based on the foregoing, we will grant the Government's motion and dismiss in part and summarily deny in part the petition for review. Petitioner's motion for a stay of removal and his motion for appointment of counsel are denied. The Government's request to stay briefing is denied as moot.

---

failure to exhaust an issue by presenting it to the BIA deprives us of jurisdiction to consider that issue.").